IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

FEB I 8 2014

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

DORETHA HALL,                    §
                                 §
          Plaintiff,             §
                                 §
VS.                              §   NO. 4:13-CV-394-A
                                 §
FIDELITY & GUARANTY LIFE         §
INSURANCE COMPANY,               §
                                 §
          Defendant.             §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion for summary judgment
filed in the above-captioned action by defendant, Fidelity &
Guaranty Life Insurance Company.  As of the date of the signing
of this memorandum opinion and order, plaintiff, Doretha Hall,
has filed nothing in response.  Having now considered all of the
parties' filings, the entire summary judgment record, and the
applicable legal authorities, the court concludes that the motion
should be granted.

I.

Plaintiff's Claims

Plaintiff initiated this action by filing her original
petition against defendant in the District Court of Tarrant
County, Texas, 263rd Judicial District, as Cause No. 236-356342-

13.   Defendant removed the action to this court within 30 days of being served, alleging that this court has diversity jurisdiction under 28 U.S.C. § 1332.   Pursuant to the court's order, plaintiff filed an amended complaint, and then subsequently filed a second amended complaint after obtaining leave of the court.   According to the second amended complaint, plaintiff's husband, Emmett Hall, Jr. ("Mr. Hall"), purchased a life insurance policy from defendant and listed plaintiff as the beneficiary.   Plaintiff claims that defendant allowed Mr. Hall's daughter, Sherry Hall, to use an invalid power of attorney to change the beneficiary under the policy.   As a result, plaintiff did not receive the benefits under the policy after Mr. Hall's death.   Plaintiff asserts claims for breach of contract, breach of duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and violations of the Texas Insurance Code.

II.

### The Summary Judgment Motion

Defendant argues for summary judgment on the grounds that Mr. Hall's life insurance policy lapsed and terminated for nonpayment of premiums prior to Mr. Hall's death.   Therefore, defendant contends, plaintiff's breach of contract, bad faith, DTPA, and Texas Insurance Code claims all fail as a matter of

2

law.  Defendant also argues that plaintiff's bad faith, DTPA, and
Texas Insurance Code claims fail because there is no evidence of
any conduct by defendant that would support such claims and no
evidence that plaintiff suffered any damages because of such
conduct.

### III.

### Undisputed Facts[1]

On July 11, 2007, Mr. Hall applied to defendant for a life
insurance policy.  Defendant issued a term life insurance policy
to Mr. Hall in the face amount of $75,000.00 on August 2, 2007.
In his application, Mr. Hall designated plaintiff as the
beneficiary of the policy, and no changes to that designation
were ever made.  Mr. Hall also requested the premium payments be
drafted from his checking account.  However, the payment due
November 1, 2010, in the amount of $73.65, was rejected because
Mr. Hall's checking account was closed.  On November 8, 2010,
defendant sent a notice of the rejected payment to Mr. Hall's
home address.  On December 3, 2010, defendant sent Mr. Hall a
late payment notice informing him that his premium payment was

---

[1] The undisputed facts are taken from defendant's appendix in support of its motion for
summary judgment.  Because plaintiff failed to respond to the motion, the court is permitted to accept
defendant's summary judgment evidence as undisputed.  Bookman v. Shubzda, 945 F. Supp. 999, 1002
(N.D. Tex. 1996); see also Fed. R. Civ. P. 56(e); Eversley v. MBank Dallas, 843 F.2d 172, 174 (5th Cir.
1988).

past due and that the policy would lapse if the premium was not paid by the end of the grace period.   When defendant still had not received any payment, it sent a second late payment notice on January 3, 2011, informing Mr. Hall again that his payment was past due and that his policy would lapse if the premium was not paid by the end of the grace period.   On February 2, 2011, defendant mailed Mr. Hall a lapse notice indicating that Mr. Hall's policy had lapsed and terminated on December 2, 2010, because Mr. Hall had failed to pay his premiums.   The lapse notice expressly stated that to apply for reinstatement, Mr. Hall must complete the enclosed application for reinstatement and submit it with the past due premium amounts.   On February 10, 2011, defendant received a check in regards to Mr. Hall's policy in the amount of $73.65.   Defendant held the check in suspense and then refunded it to Mr. Hall on March 18, 2011, because defendant did not receive a reinstatement application or the remaining past-due premiums.

Plaintiff notified defendant of Mr. Hall's death on April 17, 2011.   However, defendant denied plaintiff's claim for benefits under Mr. Hall's policy because the policy had lapsed and terminated for nonpayment of premiums prior to Mr. Hall's death.

IV.

Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case.  Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . .").  "Unsubstantiated assertions of an actual dispute will not suffice."  Thomas v. Price, 975 F.2d 231, 235

5

(5th Cir. 1992).  If the evidence identified could not lead a
rational trier of fact to find in favor of the nonmoving party as
to each essential element of the nonmoving party's case, there is
no genuine dispute for trial and summary judgment is appropriate.
Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,
587, 597 (1986).

The fact that a non-movant has failed to respond to a motion
for summary judgment is not itself a basis for granting the
motion; however, when a movant has made a properly supported
motion for summary judgment, the non-movant must "'go beyond the
pleadings'" and "designate 'specific facts showing that there is
a genuine issue for trial.'"  Forsyth v. Barr, 19 F.3d 1527, 1537
(5th Cir. 1994) (quoting Celotex Corp., 477 U.S. at 324); see
also Bookman v. Shubzda, 945 F. Supp. 999, 1002 (N.D. Tex. 1996).
Although the court must draw all inferences in favor of the party
opposing the motion, such party cannot establish a genuine issue
of material fact by resting only on the allegations of the
pleadings.  Hulsey v. Texas, 929 F.2d 168, 170 (5th Cir. 1991).
"It follows that if a plaintiff fails to respond to a properly
supported summary judgment motion, she cannot meet her burden of
designating specific facts showing that there is a genuine issue
for trial."  Bookman, 945 F. Supp. at 1004.  Further, when a non-
movant fails to respond to a motion for summary judgment, the

court is permitted to accept the movant's evidence as undisputed.
See Eversly v. Mbank Dallas, 843 F.2d 172, 174 (5th Cir. 1988);
Bookman, 945 F. Supp. at 1002.

V.

Analysis

A.   Breach of Contract

Defendant argues that plaintiff's breach of contract claim
fails as a matter of law because Mr. Hall's life insurance policy
lapsed and terminated for nonpayment prior to his death.  In
Texas, "payment of the premium in accordance with the provisions
of an insurance policy is a condition precedent to the
establishment of liability of the insurer."  Walker v. Fed.
Kemper Life Assur. Co., 828 S.W.2d 442, 449 (Tex. App.--San
Antonio 1992).  In other words, "failure to pay premiums when due
causes the insurance policy to lapse and become ineffective."
Id. at 447; see also MacIntire v. Armed Forces Benefit Ass'n, 27
S.W.3d 85, 89 (Tex. App.--San Antonio 2000, no pet.).

In her second amended complaint, plaintiff contends that
defendant breached the terms of the insurance policy by allowing
Sherry Hall to use an invalid power of attorney to change the
beneficiary under the policy.  However, the uncontested summary
judgment evidence shows that no such change to the beneficiary
was ever made.  Rather, defendant terminated Mr. Hall's life

7

insurance policy because of nonpayment of premiums, effective
December 2, 2010. Therefore, when plaintiff made a claim for
benefits following Mr. Hall's death on April 17, 2011, her claim
was denied because the policy had been terminated for over four
months and had not been reinstated.

The terms of Mr. Hall's policy state that all premiums must
be paid on or before their due date, but the policy allows a 31-
day grace period after the premium due date during which the
policy will remain in effect. However, the policy provides that
"[i]f the premium is not paid by the end of that period, this
policy will terminate as of the premium due date." App. 13.
Further, the policy clearly states that defendant will pay the
death benefit <u>if</u> the insured dies <u>while the policy is in effect</u>.

The summary judgment record shows that the premium payment
due November 1, 2010, was not paid because the checking account
from which the payment was supposed to be drafted was closed. On
November 8, 2011, defendant sent notice of the rejected payment
to the home address on Mr. Hall's policy. Defendant then sent
two late payment notices to the same address, one on December 3,
2011, and the other on January 3, 2011, informing Mr. Hall that
his premium was past due and that the policy would lapse if the
premium was not paid by the end of the grace period. Finally, on
February 2, 2011, having received no payment in response to the

8

late payment notices, defendant sent a notice of lapse to Mr. Hall and terminated the policy, effective December 2, 2010, thirty-one days after the unpaid premium was due.[2]  The lapse notice, as well as the policy terms, clearly stated that to apply for reinstatement, Mr. Hall needed to complete a reinstatement application and submit it with the past due premium amount. Although defendant did receive a premium payment on February 10, 2011, it did not receive a reinstatement application or the remaining past-due premiums.  Therefore, defendant held the payment in suspense and refunded it to Mr. Hall on March 18, 2011.  Accordingly, the policy was not in effect when Mr. Hall died on April 17, 2011, and plaintiff was entitled to no death benefits under the terms of the plan.  Thus, there is no genuine dispute as to any material fact regarding plaintiff's breach of contract claim, and defendant is entitled to summary judgment on that claim.

---

[2] The court notes that under a literal reading of the language of the policy, it seems that the policy would have lapsed on November 1, 2010, the due date of the first unpaid premium.  However, defendant apparently interpreted the policy terms to provide for lapse at the end of the 31-day grace period instead.  In any event, the evidence is clear that the policy lapsed and terminated well before Mr. Hall's death on April 17, 2011.

B.   <u>Breach of Duty of Good Faith and Fair Dealing, Violations of the DTPA, and Violations of the Texas Insurance Code</u>

Like plaintiff's breach of contract claim, plaintiff's claims for breach of duty of good faith and fair dealing, violations of the DTPA, and violations of the Texas Insurance Code are all predicated upon plaintiff's contention that defendant allowed Sherry Hall to use an invalid power of attorney to change the beneficiary of Mr. Hall's policy. As explained above, the undisputed summary judgment evidence shows that no such change of beneficiary ever occurred. Rather, Mr. Hall's policy lapsed and terminated for nonpayment of premiums prior to his death, in accordance with the terms of the policy.

Accordingly, because plaintiff has failed to show that defendant breached any contractual obligation under the terms of the insurance policy, plaintiff has also failed to show, as a matter of law, that defendant acted in bad faith or violated the DTPA or the Texas Insurance Code. <u>See</u> <u>Progressive Cnty. Mut. Ins. Co. v. Boyd</u>, 177 S.W.3d 919, 922 (Tex. 2005) ("Boyd's common-law bad-faith claims are also negated by the determination in the breach of contract claim that there was no coverage."); <u>Republic Ins. Co. v. Stoker</u>, 903 S.W.2d 338, 341 (Tex. 1995) ("As a general rule there can be no claim for bad faith when an insurer has promptly denied a claim that is in fact not

covered."); Higginbotham v. State Farm Mut. Auto. Ins. Co., 103 F.3d 456, 460 (5th Cir. 1997) ("Texas courts have clearly ruled that these extra-contractual tort claims [under the DTPA and Insurance Code] require the same predicate for recovery as bad faith causes of action in Texas."). Therefore, plaintiff has failed to produce or identify any evidence that could raise a material issue of fact sufficient to withstand summary judgment, and defendant is entitled to summary judgment on plaintiff's claims for breach of duty of good faith and fair dealing, violations of the DTPA, and violations of the Texas Insurance Code.

## VI.

## Order

Therefore,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted, and that all claims and causes of action brought by plaintiff against defendant, be, and are hereby, dismissed with prejudice.

SIGNED February 18, 2014.

_____
JOHN McBRYDE
United States District Judge

11